HAMMERSCHLAG *v.* GARRETT and others.*

(*Circuit Court, E. D. Pennsylvania.*   July 1, 1881.)

1. PATENT—UNIFORMITY OF DECISION—WEIGHT TO BE GIVEN TO PREVIOUS DECISION IN OTHER CIRCUIT.

A proper regard for uniformity of decision requires that where one circuit court has, after a full discussion of the evidence, sustained a patent, another circuit court should, unless plain mistake be shown, follow such decision in a suit upon the same patent in which the same evidence is relied on.

2. SAME—IMPROVEMENT IN WAXING PAPER—INJUNCTION.

Reissued patent No. 8,460, for improvement in waxing paper, sustained, and injunction against infringement granted, on final hearing; following a decision in *Hammerschlag* v. *Scamoni*, 7 FED. REP. 584, rendered upon a motion for a preliminary injunction.

In Equity.   Hearing on bill, answer and proofs.

Bill for injunction to restrain the infringement of reissued letters patent No. 8,460, for improvement in waxing paper. Defendants denied the novelty of the patent and also denied the infringement. It appeared by the proofs that, in a suit brought in the United States circuit court for the southern district of New York by the same complainant against different defendants, to restrain an infringement of the same patent, the court had, upon a motion for a preliminary injunction, delivered an opinion in which, after a full consideration of the merits, and of the evidence respecting the state of the art and prior invention relied on in this suit, the complainant's patent was sustained and the preliminary injunction granted. See report of case, *Hammerschlag* v. *Scamoni*, 7 FED. REP. 584.

*Frost & Coe* and *John K. Valentine,* for complainant.

*Collier & Bell,* for respondent.

BUTLER, D. J.   The circuit court for the southern district of New York decided the plaintiff's patent to be valid in *Hammerschlag* v. *Scamoni,* and construed its several claims.   The evidence respecting the state of the art, and prior invention, now relied upon by the

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

defendant, was before the court in that case. The conclusion then reached should, therefore, be followed, unless indeed plain mistake be shown. A proper regard for uniformity of decision requires this. If the defendant thinks he is injured, a review can be had in the supreme court, and the subject thus be put at rest. The confusion and mischief likely to result from conflicting decisions should be avoided. While there may be difficulty in distinguishing the plaintiff's process and machinery from that described in the British letters patent No. 55, granted to John Stenhouse, we do not feel ourselves justified in saying they cannot be distinguished, as they were in the case cited, and thus disregard the decision there made. As respects the question of infringement, the defendant's process and machinery are so similar in all respects, to that of the defendant in *Hammerschlag* v. *Scamoni*, that what is there said on this subject, applies with equal force here.

A decree must therefore be entered for the plaintiff.